PERKINS v. NEWARK BOARD OF EDUCATION.

(Circuit Court, D. New Jersey.   January 17, 1908.)

1. SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCATION—POWERS—SCHOOL BUILDINGS.

Since the powers of a board of education are statutory only, and it can make no valid contract for the building of a schoolhouse or the expenditure of public moneys for any object connected with the proposed building of the schoolhouse, except as that contract is supported by statutory authority, it has no power to employ an architect to prepare plans for a building that would not exceed in cost for general construction, excavation, and rough grading $400,000, when only $200,000 has been appropriated for the purchase of high school sites, procuring plans and specifications, and for high school construction.

2. SAME—SUBSEQUENT APPROPRIATIONS.

It could not be assumed by the court, in determining the validity of such contract, that the authorities expected to make subsequent additional appropriations.

At Law.

E. A. & W. T. Day, for plaintiff.

Francis Child, Jr., and Herbert Boggs, for defendant.

LANNING, District Judge.   I have reached the conclusion in this case that judgment must be entered on the special verdict in favor of the defendant.   I think the defendant had no power to enter into a contract with the plaintiff to prepare plans for a building that would cost $400,000, or more, when only $200,000 had been appropriated "for the purchase of high school sites, the procuring of plans and specifications, and for high school construction purposes."   The powers of the defendant are statutory only.   It can make no valid contract for the building of a schoolhouse, or for the expenditure of public moneys for any object connected with the proposed building of a schoolhouse, except as that contract is supported by statutory authority.   The plaintiff, before doing work at the request of the defendant, was bound to inquire as to the nature of the defendant's power to enter into a contract with him.   Had he done so, he would have found that, while he was asked by section 20 of the "programme" issued by the defendant to prepare plans for a building that would not exceed in cost for general construction, excavation, and rough grading the sum of $400,-000, exclusive of heating and ventilating plant, gas fitting, electrical work, and furniture, the authorities of the city had provided only $200,000 "for the purchase of high school sites, the procuring of plans and specifications, and for high school construction purposes."

It is argued by the plaintiff's counsel that the authorities expected to make future supplemental appropriations.   The court, however, can base its judicial act on no such assumption.   Upon the evidence, as we have it, the defendant had no authority to ask for plans for a building that would exceed, with the cost of site and plans, the sum of $200,000.

It is unnecessary to consider the other questions argued by counsel. Judgment will be entered for the defendant, with costs.